UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRAIG LEXVOLD, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0673 XR |
| INTOWN SUITES and | § | |
| MARK McFEE, | § | |
| | § | |
| Defendants. | § | |

**ORDER *DENYING* REQUEST FOR APPOINTMENT OF COUNSEL**
**(DOCKET ENTRY 2)**

**I. Introduction**

Plaintiff, Craig D. Lexvold, alleges that defendants, his former employer and supervisor, discriminated against him in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, when he was harassed and eventually terminated from his position. He now requests that I appoint counsel to assist in prosecuting his case. For the reasons set forth below, the request is denied.

**II. Discussion**

Title VII provides that "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."[1] Although this section grants the right to request an attorney, it does not confer a right to actually have one appointed. The decision whether to appoint an attorney is one within the broad discretion of the

---

[1] 42 U.S.C. § 2000e-5(f)(1).

trial judge given the particular facts of the case.[2] The following three factors are generally balanced by courts in determining whether to appoint an attorney:  (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel.[3]  Several courts also consider a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney, and the Fifth Circuit has recognized the correctness of such further inquiry.[4]

**A. Ability to Present Case**

From the pleadings and the supporting documents found in the record, plaintiff appears to have the ability to litigate his case without the need of an attorney.  He is a high school graduate and has held supervisory positions with several of his former employers.  His submissions to the court reflect the ability to explain the factual circumstances underlying his complaint in a succinct and clear manner.  Additionally, it does not appear likely at this early juncture of the case that presentation of plaintiff's claims will require knowledge of complex legal issues.

Based on the limited scope of the review of the issues at this stage of plaintiff's case and the adequate job plaintiff has done to this point of presenting his case *pro se* in federal court, I must conclude that this factor weighs against granting plaintiff's motion for appointment of counsel.

---

[2] **Gonzalez v. Carlin**, 907 F.2d 573, 579 (5th Cir. 1990); and **Reado v. Texas General Land Office**, 929 F. Supp. 1046, 1051-52 (E.D. Tex. 1996) (district court adopted magistrate's recommendation denying appointment of counsel to plaintiff who had brought claims under Title VII and the ADEA).

[3] **Carlin**, 907 F.2d at 580; and **Reado**, 929 F. Supp. at 1052**.  See also Salmon v. Corpus Christi Indep. Sch. Dist.**, 911 F.2d 1165, 1166 (5th Cir. 1990); and **Neal v. IAM Local Lodge 2386**, 722 F.2d 247, 250 (5th Cir. 1984).

[4] **Salmon**, 911 F.2d at 1166-67; and **Reado**, 929 F. Supp. at 1052.

### B. Efforts to Secure Counsel

The second factor I must weigh in deciding whether to appoint counsel is the plaintiff's own efforts to secure legal representation. A plaintiff must make a reasonable effort to secure counsel on his own. In his motion for appointment of counsel plaintiff adequately explains his unsuccessful efforts to obtain an attorney. His efforts weigh in favor of his request for appointment of counsel.

### C. Financial Ability to Retain Private Counsel

In analyzing this factor, a showing of poverty equal to that which is necessary to support a motion to proceed *in forma pauperis* is not required.[5] There need only be insufficient assets and income to enable plaintiff to afford an attorney to investigate and file the claim.

Here, plaintiff has been denied *in forma pauperis* status based on a review of his current financial situation. (Order, dated August 9, 2006). Accordingly, I find that this factor weighs against appointment of counsel.

### D. Merits of the Case

At this early juncture in the case, there is insufficient information to determine if plaintiff's complaint has merit. Importantly, in issuing its right to sue letter to plaintiff the EEOC noted that the facts alleged in the charge failed to state a claim under any of the statutes enforced by the Commission. (**See** Right to Sue Letter dated May 10, 2006, attached to plaintiff's complaint.) Accordingly, based on the limited record before me, the "merits of the case" do not weigh in favor of appointing counsel.

---

[5] **Reado**, 929 F. Supp. at 1053 (citing **Ivey v. Board of Regents**, 673 F.2d 266 (9th Cir. 1982)).

### III. Conclusion

The balance of factors weigh against plaintiff's request for appointment of counsel. Accordingly, plaintiff's request for appointment of counsel (Docket Entry 2) is **ORDERED DENIED**.

**SIGNED** on August 10, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE